My name is George Smirniotis. I'm an attorney for the Chicago Park District. The Park District's motion for summary judgment on the plaintiff's Second Amendment complaint at law was denied on March 18, 2010. And relying upon Stein, the trial court initially denied Section 3106 immunity under the Tort Immunity Act to the Park District because snow is a condition of the property and not affixed to the property in a way that would become the property itself. On April 13, 2010, the Park District filed a motion to have two questions certified for interlocutory appeal under Supreme Court Rule 308A. The matter was set to be heard on May 13, 2010. However, before the hearing, the Park District learned that the Second District Appellate Court had recently held in Callahan v. Village of Clarendon Hills, 401 Elap 3rd, 287, that unnatural accumulations of snow and ice presented a, quote, condition of public property, close quote, under Section 3106 of the Tort Immunity Act. On May 10, 2010, the Park District supplemented its motion to certify based on Callahan. The issue demonstrates the incompatibility of Stein and Callahan holdings as to a meaning of a condition of any public property under Section 3106. On October 14, 2010, the trial court agreed with the Park District and vacated the denial of the motion for summary judgment based upon the Callahan decision. Then on October 29, 2010, the trial court certified the question that is now before the court. The question for this court to decide is, does an unnatural accumulation of snow and ice constitute the existence of a condition of any public property as this expression is used in 3106 of the Tort Immunity Act? Counsel, can I ask you? Yes, ma'am. The whole unnatural versus natural condition, isn't that something that usually applies to Section 105 and not 106? Well, Section 105 defines snow and ice as a weather conviction. However, Section 3106 would apply in this instance that is the more specific statute and references Park District property, whether real or personal business property. And are there many cases that talk about the natural versus unnatural in the 106 area? Not within the 106 area, outside of Callahan. Generally, they've been decided under 3102, which also 3102 starts with except as otherwise provided in this article being Article 3. So 3106 is the exception to 3102. And that is why, for example, Zincina was decided that way. Counsel, speaking of 3102, on page 11 of your brief, you make it known over to page 12 that this section doesn't apply to the Park District under the present circumstances. And you say that's because 3102 is prefaced with the phrase except as contrary therein. So I'm not sure I understand the argument you're making there. Can you help me? No. It was just, as I stated, that Section 3106 is the exception that's noted in the initial language of 3102. It is the exception. That where 3102 says except as such, it actually provides recreational property greater protection than it affords general, municipal, or governmental property. And that's based upon the legislature's view that recreational property is to be encouraged, the development and the implementation of recreational property is a priority for the legislature. But isn't your argument that 3102 does apply when you have a permanently affixed issue, versus, it talks about real estate and personal property in 102, does it not? Well, also, in 3101, property is defined as real in both. Oh, in 101, right. Yes, ma'am. So it's defined as real estate and? And business personal property. Thank you. And that's, the crux of the Stein interpretation of 3106 is that a watering hose moved into Grant Park and returned to storage at the end of the day, which at the time of the accident was spread out over a sidewalk, was not, quote, affixed to the property in such a way to become part of the property itself, close quote. But the language in 3106 has no requirement that property must be affixed before the immunity applies. How do you distinguish Stein from your case? Well, first of all, we are recreational property, number one, and Stein deals with easily movable items of business personal property, a watering hose. So is a snow easily movable? Snow, actually, it's not. We do make an effort as best as we can to get out plows and shovel, but it's, it doesn't hold the. Each year, citizens of our state see tons of snow and ice moved about regularly by man and machine. Yes. But Stein. So doesn't that kind of belie the Callahan case, which said it was only theoretically movable? Well, I agree it's not theoretically movable. To remove all of it on our property is not something that's possible. But the nature of the property itself in Stein was something that was easily movable and could be stored at the end of the day. And that was the issue that this wasn't removed from the sidewalk. It wasn't stored. Snow and ice don't have the conditions. Snow, likewise, in this case, was easily movable. Well, the except for the snow that had been moved? Yes, there is no allegation. And in fact, in the briefs, plaintiff denies that there were any defects that led to the formation of the alleged unnatural condition. What would prohibit this court from therefore finding that it was the moving of the snow and the ice, which was an unsafe activity on otherwise safe property? Section 3106, that would immunize the Park District from all but Wilflyn-Wanton misconduct. So there would be plaintiff's burden to establish that the Park District was Wilflyn-Wanton. Do you agree that the Tort Immunity Act should be strictly construed because it's in derogation of the common law? I'd agree with that, Your Honor. But I'd also assert that the applied where it's unambiguous. And I think that rather unambiguous in this circumstance, that snow and ice being defined as conditions of property under 3105 would be considered condition of a property under 3106. It kind of it gives a continuity to the interpretation of the Tort Immunity Act that I believe is lacking under Stein. The Callahan case stated that Stein was in direct contravention of other case law. Can you tell us what other case law there is that is in direct contravention of other case law? It makes that statement, but it doesn't set out any other case law. No, it doesn't. And there's, without limiting Stein to snow, removing the snow and ice view under Stein, Stein doesn't really rely on any case law either that says that property must be affixed. That was something that the Court added through its analysis of the decision, but there's nothing in the Tort Immunity Act that would provide for that. Counsel, can I drift over to the McCune case, which is a Supreme Court case that addresses the issue, not specifically on point in this case, but how does that, how do you explain that ruling? I'm sorry, Your Honor, I'm not familiar with McCune. Oh, sorry. Okay. McCune v. Peoria, no? No, I'm sorry, Your Honor. Continue, sir. The plaintiff is... You know, other than Callahan, which is the only case I believe that Stein contravenes, and Stein is our case, it's our district case. Yes, Your Honor, but Stein does not concern snow and ice where Callahan does, and... But then again, there's a Callahan case that says, comes out with very silly statements that snow and ice is just theoretically movable. I mean, I live here during the wintertime. I see snow and ice being moved every day of the week. Well, that's also... So how can this be a condition that is so permanently affixed to the realty that the immunity attaches? Well, we're essentially arguing that Stein should be limited in its scope to easily movable business personal property. However, if the court doesn't see fit to limit it in such regard, we contend that even under Stein, the Park District's entitled to summary judgment based upon some of the testimony that had been provided that was uncontradicted, and that dealt with the snow removal methods, and that how everything loose was to a property parking lot at the time of the incident. That's a real nuanced argument, Counselor. So the ice is affixed, but the snow that's on top of the ice isn't, and maybe some of the ice is not affixed, but some of it is. I mean, that's a really nuanced argument. But that's some of the problems that Stein creates when we're trying to decide snow and ice under the Stein interpretation where the affixed definition is created. We would just ask that Stein be limited to the facts of Stein that concern easily movable items of business personal property and not applied more substantially, but just be limited in that scope. And you're also saying, but in any event, the plaintiff would have the burden of proving that the Chicago Park District was willful and wanton if we get to that point, and under these facts, that's not possible. Is that an argument that you're making also? Well, I don't think we have the need to go there at this point as plaintiff did not follow up. But assuming that we go there, is that your argument? Yes, it is. That under 3.106, relative to snow removal, the plaintiff would have to establish that we were willful and wanton in the snow removal. And that was not determined under Zencina, for example, because that did not concern recreational property. Counsel, in the analysis here, do we really need to get into when the shoveling occurred, when it didn't occur, what melted, what didn't melt? Isn't our specific question whether or not the condition of that property is covered by the immunity? Isn't that it? Yes, ma'am. The plaintiff in Callahan was injured when she slipped and fell on an unnatural accumulation of ice and snow while walking on a public sidewalk. Both the trial and the appellate courts agreed with the municipal defendants that 3.106 of the Tort Immunity Act provided immunity to local public entities for negligent actions in removing snow and ice on public property, public recreational property. Here, the facts are closely analogous to those in Callahan. The rationale expressed in Callahan should apply to snow and ice claims regarding recreational property. Stein should be limited in its scope to easily movable items of personal business recreational property. The ice upon which Ms. Moore slipped, even under Stein, was sufficiently affixed to the property when we're looking at the exact location where the injury occurred. However, we had asked that the court follow the better reason to say that Ms. Moore slipped and fell on an unnatural accumulation of ice and snow while walking on a public sidewalk. Based upon the testimony, I'm reluctant to get off on that track. Maybe I shouldn't have gone down that road, but... Well, you've made that argument a couple of times, and I ask, how do you know that? I mean, I didn't see anything in the briefs that suggested it. How do you know that? There was testimony that the lot had been plowed completely, and that the sidewalk had been shoveled down to the pavement. And so from there, I think it's... But there was also testimony that it was not, that the snow, where the decedent stepped, the snow was level with the sidewalk. That strip was not level with the sidewalk. So how do you know that? The testimony that I read could go either way. Well, that's why we would rather just stick to, although those were brought out in the briefs because of various positions each plaintiff and the defendant had taken, we still want to throw the court back that that kind of obscures the argument that we're making that it's actually 3106 that applies under these circumstances, because it is recreational property, and that Callahan, for snow and ice purposes, is the better reasoned decision. That's why we asked this court to answer the question, the certified question in the affirmative. Counsel, let me ask you, the complaint sounds in negligence, does it not? In negligence only. Right. And it's based on the condition of the property. Yes, ma'am. Not on any negligence of an employee. Correct. And, in fact, the second amended complaint, this is the third stab at it, also states that it was an unnatural condition at paragraph 12A of the complaint. They reference it as a condition of property. Thank you. Thank you. Good morning. Good morning. For the record, my name is Richard J. Grossman, and I represent the plaintiff in this case, Roberta Minor Moore, who is the administrator of the estate of Sylvia Moore, deceased. May it please the court, the issue in this case, as it relates to the certified question, is simply the application of 3106. Does it apply or doesn't it apply? I think something that's been overlooked that needs to be looked at is, first of all, what is public property, number one? Secondly, who owns snow? When snow falls from the sky, who owns it? In other words, when that snow hit the ground, is that property of the park district? Or is it something that's, you know, that's owned by someone from above? I think, frankly, I look for cases that would give a definition of whether or not snow is a property item and could find nothing in that regard. I guess you could also say, well, we could talk about leaves. When leaves in the fall fall from the trees and they're blown about the neighborhood, who owns those leaves? Are they the leaves, are they owned by the person who owned the tree? Are they owned by the location where the leaves came to rest? Or are they owned by no one? Why is that important? Well, the reason it's important, if you look at 3101, 30101 provides the definition of what constitutes public property. It states, as used in the article, unless otherwise requires, property of a local public entity and public property means real or personal property owned or leased by a local public entity. But it does not include easements, encroachments, and other property that are located on the property, but that it does not own, possess, or lease. I guess what I'm suggesting simply is, if you look at the definition in 3101, we're dealing with snow and ice. In other words, it is alleged that Mrs. Moore fell not on a hole in the park district, not on a broken curb, not on something that wasn't lighted properly or something else. She fell on a mound of snow. That mound of snow, as alleged, was placed there by park district employees. They shoveled it from one side, in other words, the sidewalks. They shoveled the snow up to the curb, and then their plow in the parking lot pushed the snow up against that pile, creating a mound. And so her feet, when she fell, her feet were not even on the pavement of the park. It was on the snow. And what I'm simply suggesting is, is that if we go to 3106, it talks about a condition of any public property or permitted to be used for recreational purposes. But if we talk about what that public property is, the snow and ice is not encompassed in 3106. But, counsel, you know, with all due respect, the snow and ice rested on something. I mean, it wasn't just existing. She wasn't standing on snow and ice not resting on a pavement. I mean, I think their argument is that there had to be a pavement or something for the snow and ice to rest on. So all of that is part of the immunity. That's what they're saying. Tell me why that's not the case. I can tell you very easily. One, if we look at the hose in Stein, and I hate to use the word theoretically, although I agree with Justice Harris that the Second District case stating that snow is theoretically movable is ridiculous. But at the same time, whoever that Park District employee was in Stein who draped the hose over the sidewalk and upon which the plaintiff in that case tripped and fell, assuming that they did not touch it, that hose would have remained there until it rotted into existence. In other words, it would stay there. That's a piece of property that would be lying on top of the Park District's property. And on top of it, in Stein, there's no issue that the Park District did, in fact, own the hose. In this case, we're talking about the snow and ice. And as I suggested in my opening, as to who, if anyone owns, actually owns the snow. Does the Park District, do they own that snow? Because if the snow and ice was not their property and they piled that in a particular location, which caused the plaintiff's decedent to fall, that does not come within 3106. It is not encompassed as public property. Doesn't that fly in the face of what Section 101 says about real estate and personal property located on it? No. Well, once again, if we look at 3101, it says here that the chapter is applicable. It requires property of a local public entity. And public property means real or personal property owned or leased by a local public entity. Well, in the case of Stein, the hose was, in fact, owned by the, presumably owned by the Park District. So that's personal property. Okay? Real property, in terms of my interpretation, would be the sidewalks, the ground, the pavement, the asphalt, the buildings. What I'm saying is Stein didn't go through that distinction, though. They have this other thing about affixed to the property. The reason, well, I'm not critical of Stein. What I'm suggesting is Stein could have gone further if the court had decided to do that. In other words, it was sufficient for Justice O'Brien, for his decision, to make a determination that the hose, in and of itself, is not part of the property. And it was sufficient for him to make a determination, and presumably, obviously, the other justices agreeing with him, to render an opinion in that regard. However, in this particular case, in other words, what I'm saying is that in Stein, the hose is actually more a public property than the snow is, in our case. It's a... Okay, but Stein doesn't use that analysis. I agree with you 100%. It does not. So if that's considered Park District property, then the hose, doesn't the immunity apply because it's a condition of the property? Well, obviously, now we get into the other interpretation, which is whether or not it is affixed to the property. Now, both Stein and Callahan could be wrapped up. I mean, there's a couple of paragraphs that really get to the meat of the case. In Stein, it states that, let's see if I get the right part, the watering hose at issue was not affixed to the property in such a way as to become part of the property itself. And the Park District gets hung up on affixed, meaning, you know, driven into the ground or glued to the ground or what have you, and the Stein court was not. The Stein court simply stated that this particular object is not something that is part of the park. It's picked up. It's moved. It can be rolled up, changed, altered. Many things can be done with it. Also, aren't there a whole line of cases like Majewski v. Chicago Park District, which talks about broken glass on a football field? That's a condition of the property. Yeah, absolutely. And Flores, which talks about a slide, and it was even leased by the park. Okay, but hold on. In Flores with the water, you're talking about the water slide, because I get them confused as to which one's which, but I remember them by the object. The water slide situation, the holding in that case was that that water slide in and of itself was part of the recreational use of the property. Correct. In other words, that water slide was being used at the time in question for a specific recreational purpose. Isn't all park district property considered to be recreational? Well, it depends. Again, we're here discussing it, frankly, but yes, many things are. I would say anything affixed to the property, sheds or bathrooms or something that is, you know, the baseball diamond, the fencing and all of those things that are affixed to the property, yes. But then we get into, Judge, if we... And how about Sylvester? They even said a concrete abutment and a parking lot is part of the condition of the property. Well, in Sylvester, though, the court went in a different direction. In Sylvester, they made a determination that that concrete, piece of concrete, was incidental to the recreational use of the property, and therefore that object, since it's incidental to the use of the... is part of the property and therefore is subject to the immunity under 106. Isn't the sidewalk and an entry to a recreational facility part of the recreational property? But the problem in our case is there was nothing wrong with the sidewalk. There's no allegations that the sidewalk was defective in any way. There's no allegation that the curb was defective in any way. There's no allegation that the parking lot was defective or the asphalt or... It's the condition of the property, though, isn't it, that you're alleging is an issue? No. It's what? It is what is contained in our complaint. We're alleging that a simple snow and ice case, that what was a natural accumulation of snow and ice was... Isn't that a condition of the property? If it is left untouched under a long line of cases, I mean, all we have to do is go to the... and I mispronounce this constantly... the Ziancini v. Cook County case, the Supreme Court case. But that wasn't a recreational use of that property. That was a guy making a turn and there was a big mound of snow there. Obviously so, but what... You've got to treat those different from the recreational cases. Well, what is the same? That's true if 106 applied. If 106 does not apply, then it is the same. There's absolutely nothing different. So what Zienza tells us simply is that there is an obligation. There's no immunity under 105, and I had heard you ask the question earlier. Under 105 there was no immunity. Once you touch that snow, once you move it... That's 105. That has to do with the weather. I agree. It's not a recreational property. But once you've got your immunity, if you leave it alone, as soon as you touch it, move it, change it, alter it, that immunity is now gone. But we have... I'm sorry, go ahead. What about 106? 106, we... Don't you have to show that what they did was willful and wanton? It's not just ordinary negligence? With all due respect, Your Honor, no. Why not? Simply because of the fact that it is our position that 106 does not apply to this factual situation, these circumstances, and as such, if 106 doesn't apply, there's simply no immunity. Now, I've told you my reason. Now, maybe I'm being creative in terms of the definition under 101 versus 106. I'm simply pointing out something that I don't think anybody else pointed out, which is obviously any time we talk about construing a statute in derogation of the common law, strictly construed, so we have to look at the language. Now, whether we like it or dislike it or whether we think it should change or the legislature should change it, that's something. But all I'm doing is simply reading the language. The language of 301 says that this snow and ice is not property as defined, excuse me, 106 property is not public property as defined in 101. I'll get myself confused. What I'm suggesting is that the use of the term public property in 106 to determine what public property is, we must look at 101. If we look at 101, the snow and ice is not public property. That's simply it. Any more than those leaves, raking those leaves, I guess I could foresee a situation of, you know, if leaves were being, you know, blowing about in the fall as winter comes upon us, you know, those leaves are coming from everywhere. Whose leaves are they? You know, there's some questions in life, and I guess I'm raising a few new ones, but the reality of it is if it does not, if the snow and ice does not fit the definition of the immunity in 106 as defined by 101, then 106 does not apply. Now, one final thing. Regardless of my argument regarding 101 and 106, we then go to Stein. And Stein, if we apply the Stein reasoning to the case, which is probably what I should have done in the first place, simply this snow or ice was not affixed to the property in such a way to become part of the property itself. In other words, if left alone, if we leave the hose and Stein on the ground, it's there forever, theoretically. The snow and ice, on the other hand, is not. It will melt. It will evaporate. It will disappear. You don't have to do anything to it to accomplish that. So what does that mean? Well, frankly, once again, I think that the hose in Stein is more of something affixed to public property than the snow and ice is in ours. And if, in fact, the snow and ice was not a part of the property, is not affixed to the property in such a way, then according to the Stein decision, 3106 does not apply under that theory as well. Anything else? Nothing. Thank you. Thank you very much. Mr. Smirniadis. Brief from you, please. I'll be very brief. It seems that plaintiff wants to have her cake and eat it, too, and that is they're arguing that the snow and ice. Counsel, but that's what all lawyers want. Oh, that's my turn. He spends a great deal of time arguing that snow and ice are in the condition of the property. But that was the basis for the ruling in Stein. If it wasn't our property, there would have been no liability. So the snow and ice, to apply Stein, must be Park District property, even though it falls from the sky and forms naturally. It also begs the question, when you apply Stein to snow and ice cases, and counsel touched upon this, about when the snow and ice melt and evaporate. Well, that doesn't happen overnight. And the changing weather conditions, when snow starts to melt or it changes its form to be less viscous, it's melting. At what point does it become a condition of property? When it's melted and it's mud? The problem with then interpreting Stein is, at some point, there's a transition from when the snow and ice fall on your property, where it's not your property, to when it's your property again. And how do we decide that during the spectrum of weather due to changing weather conditions? So it makes the application of easily movable personal business property under Stein to almost impossible under snow and ice conditions, which Stein essentially eviscerates 3106. In addition, counsel had spent some time talking about strict interpretations of statute as they're in derogation of the common law. Well, then I would say that section 3106 deserves that same interpretation as 3106 does not use the word affixed. So that is getting away from interpretation of 3106 that counsel argues should be applied to all the unities. Thank you. Thank you both for a very well thought out, spirited argument. This case will be taken under advisement. Court's adjourned.